# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER ALLEYNE,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | |
| ) | |
| **BOYD BROTHERS** ) | |
| **TRANSPORTATION, INC.,** ) | |
| ) | |
| **DEFENDANT** ) | |

## COMPLAINT

**I.    INTRODUCTION**

1.  This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 1981(a) and 42 U.S.C. § 1981.  Additionally, in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et. seq., Defendant interfered with Plaintiff's rights and retaliated against Plaintiff.  Plaintiff seeks injunctive relief, equitable relief, reinstatement, lost wages and benefits, liquidated damages, compensatory damages, punitive damages, and reasonable attorney fees and costs.

## II. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4), 2201 and 2202.

2. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's choice-of venue provision, 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e et seq. Plaintiff timely filed his charge of discrimination on September 10, 2019, which was within 180 days of the occurrence of the last discriminatory action. Plaintiff timely filed his lawsuit within 90 days of the receipt of his Right-to-Sue letter from the EEOC which was issued on March 31, 2020.

## II. PARTIES

4. Plaintiff, Christopher Alleyne ("Plaintiff") is an African American male, a citizen of the United States, and a resident of the State of Alabama.

5. Defendant, Boyd Brothers Transportation, Inc. is an entity subject to suit under Title VII, 42 U.S.C. § 1981 and the FMLA.

## III. FACTS

1. Plaintiff is an African-American man who is married to a person with a disability.

2. Plaintiff worked for Respondent as an over-the-road truck driver from July 13, 2018 until Defendant terminated him on or around August 2, 2019.

3. After Defendant hired a new Dispatcher/Driver Supervisor named Granger Owens, who is white, Defendant assigned Plaintiff schedules that rarely allowed him to be home on the weekends while his white drivers had schedules allowing them to be home much more frequently than Plaintiff.

4. Defendant's scheduling Plaintiff so that he was rarely home on the weekends was particularly hard on Plaintiff given he needed to be home with his wife who has a disability.

5. Defendant paid its white drivers a higher rate than it paid Plaintiff for identical jobs. Plaintiff learned this pay disparity by speaking to the white drivers and learned that their rates of pay for a portion of the load was higher than Plaintiff's pay despite the fact they were carrying the exact same load on the same route.

6. Plaintiff complained to Granger Owens and Operations Manager Nicholas Walker of race discrimination about the pay rates and scheduling issues in May, June, and July 2019, but no action was taken to correct the pay and route

assignment disparity.

7. When Plaintiff neared his one year anniversary, he requested FMLA paperwork in the event that he needed to take off work for his spouse who has a disability.

8. Plaintiff spoke to Granger Owens about his request for FMLA paperwork, and Owens asked Plaintiff a series of intrusive questions about his need for FMLA including why he needed it, if he planned to use it, and if so how long.

9. Plaintiff explained to Owens about his wife's serious medical condition, and stated that although she has not been hospitalized in a couple of years, he wanted FMLA protection for his job in case he had to be off work for his wife's serious medical condition.

10. On Thursday, July 25th 2019 at 4:40 p.m. Plaintiff received an email originally sent from Human Resources Representative Anna Eubanks to Granger Owens that was forwarded to him stating that the FMLA paperwork he had requested was attached.

11. The attached FMLA paperwork contained a letter from Anna Eubanks stating that the Certification of Health Care Provider form had to be completed by the treating physician and mailed or faxed back to her no later than August 9, 2019.

12. However, Defendant terminated Plaintiff before that August 9, 2019 deadline

to submit his FMLA paperwork.

12. On or around Friday August 2, 2019, Plaintiff called Human Resources and complained of discrimination concerning pay and scheduling with regard to not being able to get home in comparison to his white coworkers.

13. That same day, Friday, August 2, 2019, Plaintiff's wife called Defendant on Plaintiff's behalf and reported that she had a disability, she needed her husband to come home on some weekends to help her and that he was being discriminated against with regard to the way they scheduled him.

14. At that time, Plaintiff was scheduled to pick up a load outside of Virginia, but Defendant unassigned him that load after he and his wife had called complaining of discrimination, and after Plaintiff had requested FMLA.

15. Owens called Plaintiff and told him he had heard he had resigned and further instructed him to bring the truck back to Birmingham, Alabama.

16. However, Plaintiff told Owens he had not resigned, and he had no intention of resigning as he needed his job.

17. Later that same day, Nicholas Walker and Human Resources Manager Nina Eiland called Plaintiff and instructed him to be in Birmingham on Monday August 5th to meet with them in the morning.

18. From Plaintiff's location in Virginia at the time, it would taken over eleven

hours for him to drive the truck back to Birmingham, and his driver clock time required him to take a 34 hour reset off of his time clock before he could start driving the truck towards Birmingham, which would delay the time he could make it to Birmingham.

19. That Monday, August 5th, Plaintiff tried contacting Granger Owens, Nina Eiland, and Nicholas Walker by phone to update them on where he was in the truck, but he was unable to reach to anyone.

20. On August 5th shortly before Plaintiff arrived at the Birmingham terminal, he received a message through the company's server from Granger Owens sent at 7:58 a.m. stating that his bus ticket will be in the out of state mailbox.

21. Because Plaintiff was driving when the message came through at 8:27 a.m., Plaintiff responded to that email saying thanks, but he did not need a bus ticket.

22. When Plaintiff arrived in Birmingham, Plaintiff contacted the Birmingham location's front desk receptionist, and she told Plaintiff that she had been instructed to tell him to leave his keys to his assigned truck at the service desk, thus terminating his employment with Defendant.

23. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

24. Defendant's reason for terminating Plaintiff was not legitimate, and

Defendant's stated reason is a pretext to hide the fact that it fired Plaintiff because of his African American race, because he complained of race discrimination and because he requested FMLA.

25. By terminating Plaintiff, Defendant interfered with Plaintiff's right to take the Family Medical Leave he had requested just before they fired him.

26. Defendant acted with malice and/or with reckless indifference to the plaintiff's federally protected rights when it terminated him because of his African American race and because he had complained of race discrimination.

27. Defendant willfully violated the FMLA in interfering with Plaintiff's FMLA rights and terminating Plaintiff just after he had requested FMLA.

## IV. CAUSES OF ACTION

### Count I – Race Discrimination

28. Plaintiff re-alleges and incorporates by reference the above factual paragraphs above with the same force and effect as if fully set out in specific detail below.

29. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. as amended, and 42 U.S.C. §1981a, and 42 U.S.C. § 1981.

30. Defendant discriminated against Plaintiff because of his race in wages, in route assignments, and by discharging him.

31. Defendant's articulated reasons for these adverse employment actions, up to and including termination, are not legitimate.

32. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

33. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

34. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count II – Retaliation**

35. Plaintiff re-alleges and incorporates by reference the above factual paragraphs with the same force and effect as if fully set out in specific detail below.

36. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended, and 42 U.S.C. § 1981a, and 42 U.S.C. § 1981.

37. Plaintiff, and his wife on behalf of Plaintiff, complained of race discrimination to Defendant's managers and human resources department.

38. After Plaintiff and his wife complained of discrimination, Defendant took

material adverse employment actions against him, including terminating him.

39. Defendant's articulated reasons for the adverse employment actions taken against Plaintiff, including his termination, are not legitimate.

40. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

41. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is his only means of securing adequate relief.

### Count III – Family Medical Leave Act Interference and Retaliation

42. Plaintiff re-alleges and incorporates by reference the above factual paragraph with the same force and effect as if fully set out in specific detail below.

43. Plaintiff asserts both an interference and a retaliation claim under the FMLA.

44. Plaintiff is an eligible employee in that he is entitled to leave to care for his wife's serious health condition.

45. Plaintiff was entitled to benefits under the FMLA. He had been employed with Defendant for at least twelve months, but was effectively denied FMLA benefits. Defendant interfered with Plaintiff's rights to benefits under the FMLA.

46. In order to avoid having to accommodate Plaintiff with rightful FMLA leave, Defendant terminated Plaintiff's employment.

47. Defendant unlawfully interfered with Plaintiff's rights to benefits under the FMLA by terminating him.

48. Plaintiff engaged in statutorily protected activity by requesting leave for his serious health condition and discussing future leave with Defendant.

49. Subsequent to his request for Family Medical Leave, Defendant unlawfully retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

50. Defendant's actions were causally connected to Plaintiff's protected activity.

51. Defendant willfully interfered with Plaintiff's FMLA rights and willfully retaliated against Plaintiff for asserting his FMLA rights.

52. As a result of Defendant's actions and inactions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## V.     Damages

53. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

54. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory, liquidated and punitive damages is his only means of securing adequate relief.

55. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## X.     Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., 42 USC § 1981 and the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et. seq..

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents,

successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq, and 42 USC § 1981 and the FMLA.

4. Pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981a and 42 U.S.C. Section 1981 and the FMLA, enter an Order requiring Defendant to make Plaintiff whole by reinstating him into the position he would have occupied in the absence of race discrimination, retaliation and violating the FMLA at the appropriate pay or awarding him front pay, awarding him back-pay (plus interest), nominal damages, lost seniority, benefits, loss of pension, compensatory damages, punitive damages and post judgment interest.

5. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j

            L. William Smith asb 8660-a61s
            Christina M. Malmat asb-1214-y44q
            Lieselotte Carmen-Burks asb-8304-t46e
            Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500


**DEFENDANT'S ADDRESS:**
**BOYD BROTHERS TRANSPORTATION, INC.**
c/o CT CORPORATION SYSTEM
2 NORTH JACKSON STREET SUITE 605
MONTGOMERY, AL 36104